## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSE GONSALVES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-1048-G |
| | ) | |
| CHRIS RANKINS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Jesse Gonsalves, a state prisoner appearing pro se, initiated this action on December 12, 2022, seeking federal habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for initial proceedings.

On February 23, 2023, Respondent Warden Chris Rankins filed a Motion to Dismiss (Doc. Nos. 13, 14), seeking to dismiss the Petition (Doc. No. 1) as time barred. Petitioner responded in opposition. *See* Doc. No. 17. On April 28, 2023, Judge Mitchell issued a Report and Recommendation ("R. & R.") (Doc. No. 18), recommending that the Court grant Respondent's Motion to Dismiss. Petitioner timely filed an Objection to the R. & R. (Doc. No. 19).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

I.       *The Report and Recommendation*

The factual and procedural background is accurately summarized in Judge Mitchell's R. & R.  Petitioner seeks habeas relief under 28 U.S.C. § 2254 from his state-court criminal conviction and sentence, alleging ineffective assistance of counsel and that the state district court judge "abused her discretion by sentencing the petitioner without a legally obtained plea."  Pet. at 4-5.

As noted by Judge Mitchell, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  This limitation period generally runs from the date on which the state-court judgment becomes "final" under § 2244(d)(1)(A).  *Id.* § 2244(d)(1)(A); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

On October 10, 2019, Petitioner pled no contest to one count of Abuse by Caretaker in the District Court of McClain County, Oklahoma, and was sentenced to 15 years' imprisonment with credit for time served, to run concurrently with a sentence imposed by the Cleveland County District Court in a separate case.  Pet. at 1; *see State v. Gonsalves*, No. CF-2018-310 (McClain Cnty. Dist. Ct.).[1]

Petitioner did not move to withdraw his plea and did not otherwise directly appeal his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA").  *See* R. & R. at 7; Pet. at 2; *Gonsalves*, No. CF-2018-310.  Because Petitioner did not move to

---

[1] The state-court docket is publicly available at https://www.oscn.net (last visited Sept. 29, 2023).

withdraw his plea or otherwise seek relief within 10 days of the pronouncement of the judgment and sentence, Judge Mitchell calculated that Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on Monday, October 21, 2019—the first business day 10 days after entry of the plea.  *See* R. & R. at 7-8; *Clark v. Oklahoma*, 713 F.3d 711, 713 (10th Cir. 2006).  Consequently, the R. & R. concluded that Petitioner's one-year AEDPA statute of limitations began to run the following day, and, absent any tolling, expired on or about October 22, 2020.  *See id*; *see also* 28 U.S.C. § 2244(d)(1)(A); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).  Because the Petition was not filed until December 12, 2022, Judge Mitchell recommended that it be dismissed as untimely.

     II.    *Petitioner's Objection*

Petitioner argues that the R. & R. erred in calculating the date on which Plaintiff's conviction became final and by failing to toll the statute of limitations period for Petitioner's habeas claims.  *See* Pet'r's Obj. at 8-24.

     A.    <u>Date of Finality of Conviction</u>

Petitioner first contends that his conviction did not become final until February 18, 2020, because that was the date upon which his time to seek review of the trial court's decision on a motion to withdraw his guilty plea would have expired.  *See* Pet'r's Obj. at 12-13.

As Judge Mitchell correctly explained, however, Petitioner did not move to withdraw his guilty plea or seek to appeal, and so there was no further review to be had of any decision on such a motion.  *See* R. & R. at 7; Pet. at 2.  "If a defendant does not timely move to withdraw a guilty plea or file a direct appeal, Oklahoma criminal convictions

become final ten days after sentencing." *Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015). Because Petitioner did not move to withdraw his guilty plea or otherwise seek relief within 10 days of the pronouncement of the judgment and sentence, his conviction became final on or about October 21, 2019, as calculated in the R. & R. *See id.* (citing Okla. Ct. of Crim. Appeals ("OCCA") R. 4.2; *Clark*, 468 F.3d at 713).[2]

   B. <u>Equitable Tolling</u>

  The AEDPA filing deadline may be equitably tolled in "extraordinary circumstances." *Clark*, 468 F.3d at 714. To be entitled to equitable tolling, Petitioner must "show both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *Id.*; *accord Holland v. Florida*, 560 U.S. 631, 649 (2010). "[R]easons for equitable tolling" include "uncontrollable circumstances" that "prevent[ed] a petitioner's filing, despite his diligent efforts, or the petitioner's filing of a defective petition, despite his active pursuit of judicial remedies." *Lopez v. Trani*, 628 F.3d 1228, 1230 (10th Cir. 2010). Petitioner argues that certain periods of time preceding the initiation of this action should be equitably tolled. The Court addresses these periods below.

   i. *May 18, 2020, Through August 6, 2020*

  Petitioner argues that Judge Mitchell erred in failing to apply equitable tolling to the period of May 18, 2020, through August 6, 2020. Petitioner argues that equitable tolling applies to this period because during this time he did not know who was to blame for "the

---

[2] Petitioner concedes that the factual predicate of his habeas claims "was known on October 10, 2019, when he entered a no contest plea in McClain County." Pet'r's Obj. at 9. Accordingly, the statute of limitations commencement date articulated in 28 U.S.C. § 2244(d)(1)(D) does not apply.

broken plea agreement," which is the basis of Petitioner's habeas claims.  Pet'r's Obj. at

13.  Petitioner represents that on May 18, 2020, he wrote to his former defense counsel.

*See id.* at 16-17.  On August 6, 2020, his counsel responded in writing.  *See id.* at 18.

Petitioner argues that it was only upon receiving his counsel's August 6, 2020 letter that

he first became aware of "the entwinement of Cleveland and McClain County under the

umbrella of the District Attorney's office of District 21," that his plea agreement was

"fraudulent," and that the assistant district attorney prosecuting his case had engaged in

prosecutorial misconduct.  *Id.* at 17-18.

Petitioner represents elsewhere in his Objection, however, that he was aware of the

broken plea agreement on October 10, 2019, when he pled no contest in McClain County.

*See id.* at 9.  Petitioner then waited seven months before sending the May 18, 2020 letter

to counsel to investigate the matter.  *See id.* at 16-17.  This conduct does not demonstrate

the diligent pursuit of Petitioner's claims.  Further, Petitioner has not demonstrated that

extraordinary circumstances occurring during this period prevented the timely filing of his

claims.  Accordingly, Petitioner is not entitled to equitable tolling of the period of May 18,

2020, through August 6, 2020.

### ii.     *August 6, 2020, Through October 19, 2020*

Petitioner also argues that Judge Mitchell erred in failing to apply equitable tolling

to the period of August 6, 2020, through October 19, 2020.  *See id.* at 18.  As explained

above, Petitioner received his counsel's letter, which Petitioner claims contained evidence

supporting "ineffective assistance of counsel" and "prosecutorial misconduct," on August

6, 2020.  *Id.* at 19.  On October 19, 2020, Petitioner filed his application for postconviction

relief in Cleveland County District Court rather than the court of the conviction at issue—
McClain County District Court. *See id.*; R. & R. at 13 n. 9.

Petitioner argues that he was delayed in filing the postconviction application due to
gang violence and statewide prison lockdowns that prevented him from accessing the law
library. *See* Pet'r's Obj. at 19. But "equitable tolling is not justified by prison lockdowns
in the absence of a showing of additional circumstances that prevented timely filing."
*Winston v. Allbaugh*, 743 F. App'x 257, 259 (10th Cir. 2018). Further, notwithstanding
the fact that Petitioner filed his application for postconviction relief in the wrong court,
Petitioner waited to seek state postconviction relief until days before the statute of
limitations on his federal habeas claims expired on October 22, 2020. Petitioner argues
that it took him from August 6, 2020, to October 19, 2020, to "research, prepare, and file"
his application for post-conviction relief. Pet'r's Obj. at 18-19. These actions do not
support a finding that Petitioner diligently pursued his habeas claims. *See Levering v.
Dowling*, 721 F. App'x 783, 788 (10th Cir. 2018) (holding that the petitioner had not
pursued his claim diligently by conducting research and waiting to "seek any post-
conviction relief until one month before his AEDPA deadline expired"). For these reasons,
Petitioner has not shown that he is entitled to equitable tolling of the period of August 6,
2020, to October 19, 2020.

### iii.     *October 19, 2020, Through March 8, 2021*

Petitioner further argues that Judge Mitchell erred in failing to apply equitable
tolling to the period of October 19, 2020—the date Petitioner filed his application for
postconviction relief in Cleveland County (an improper venue, as discussed above)—

through March 8, 2021, the date this misdirected application for postconviction relief was denied.  Petitioner argues that he "was diligent in his efforts to seek relief in the venue where the plea deal occurred" "but was impeded by state actors."  Pet'r's Obj. at 21.

Petitioner, however, does not describe any affirmative acts by the Cleveland County District Court or state officials that impeded his ability to timely file his application for postconviction relief in McClain County District Court—the court of the conviction at issue.  Further, Petitioner's confusion regarding the proper venue in which to seek postconviction relief does not excuse his failure to comply with the AEDPA's one-year statute of limitations.  *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)).  Critically, Petitioner waited until over a year after he was convicted and mere days before his statute of limitations expired to initiate these proceedings.  This conduct does not demonstrate the diligent pursuit of Petitioner's claims.  Accordingly, the Court finds that Petitioner is not entitled to equitable tolling for the period during which the Cleveland County District Court considered his application for postconviction relief.

C.    Statutory Tolling

Alternatively, Petitioner argues that he is entitled to statutory tolling for the period of the pendency of Petitioner's application for postconviction relief in Cleveland County District Court, which was October 19, 2020, through March 8, 2021.  The relevant statute provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Clark*, 468 F.3d at 714.

The application for postconviction relief filed in Cleveland County District Court rather than the court of the conviction at issue, however, was not a "properly filed" application for state postconviction review with respect to the pertinent judgment. *See* 28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) ("[A] 'properly filed' application is one filed according to the filing requirements for a motion for state post-conviction relief. These requirements may include . . . the place and time of filing." (footnote omitted)).  Consequently, Petitioner is not entitled to statutory tolling of this period.

Petitioner also argues that he is entitled to statutory tolling of the period of the pendency of his application for postconviction relief in McClain County District Court from August 27, 2021, to September 23, 2022,[3] as well as the period of September 24, 2022, to December 12, 2022. *See* Pet'r's Obj. at 22-24.  But both of these periods occurred after the one-year statute of limitations for Petitioner's habeas claims expired on October 22, 2020, and so neither implicates § 2244(d)(2). *See Clark*, 468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

---

[3] Petitioner also states that the magistrate judge erred in failing to apply equitable tolling to the period of August 27, 2022, to September 23, 2022.  Because this period occurred after AEDPA's statutory year lapsed, equitable tolling would not apply.

### III.    Summary

Because Petitioner did not move to withdraw his plea or otherwise seek relief within 10 days of the pronouncement of the judgment and sentence, his conviction became final on or about October 21, 2019.  *See* R. & R. at 7-8.  Consequently, pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner's one-year statute of limitations began to run the following day and expired on or about October 22, 2020.  *See Hurst*, 322 F.3d at 1260.  Because neither statutory nor equitable tolling applies to Petitioner's claims, the Court agrees with the R. & R. that this habeas action is time barred and that Respondent's Motion to Dismiss should therefore be granted.

### IV.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

CONCLUSION

Accordingly, the Court ADOPTS the Report and Recommendation (Doc. No. 18) in its entirety, and GRANTS Respondent's Motion to Dismiss (Doc. No. 13).  The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as untimely.

It is further ORDERED that a certificate of appealability is DENIED.  A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge